■ CATHY POMERANTZ et al., Respondents, v NANCY S. WOLFIN, Respondent, and DAVID R. BARRON et al., Appellants. [653 NYS2d 37] —In an action to recover damages for medical malpractice, etc., the defendants David R. Barron, Ruth S. Kleier, Daniel F. Richfield, and David R. Barron, M.D., Inc. d/b/a Richfield Laboratory of Dermatopathology appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated April 29, 1996, as denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as it is asserted against them for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The appellants in the regular course of business perform services in an Ohio laboratory, in which, among other things, they analyze biopsies "from particular geographic regions of the country". The plaintiff Cathy Pomerantz, a New York resident, was treated by the defendant Nancy Sue Wolfin, a Long Island dermatologist, for skin lesions. Dr. Wolfin sent excised skin tissues of Mrs. Pomerantz to the laboratory in Ohio for analysis. The appellants analyzed those biopsies, and sent reports of their findings back to the New York doctor. Under these circumstances, the appellants are subject to in personam jurisdiction in New York (*see,* CPLR 302 [a] [1]; *Kreutter v Mc-Fadden Oil Corp.,* 71 NY2d 460, 467; *People v Concert Connection,* 211 AD2d 310, 315; *Schur v Porter,* 712 F Supp 1140; *see also,* CPLR 302 [a] [3] [ii]).

The appellants David R. Barron and Daniel F. Richfield contend that their conduct could not have constituted a proximate cause of Mrs. Pomerantz's injury. This contention, however, relates to the merits, and is not properly before us on this appeal from an order denying a motion to dismiss pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.