Allen v Institute for Family Health (2018 NY Slip Op 01998)





Allen v Institute for Family Health


2018 NY Slip Op 01998


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Tom, J.P., Webber, Oing, Moulton, JJ.


6054 450327/16

[*1]Sharlene Allen, Plaintiff-Respondent,
v
The Institute for Family Health, et al., Defendants, Ralph Dauito, Defendant-Appellant.


Savona, D'Erasmo & Hyer LLC, New York (Raymond M. D'Erasmo of counsel), for appellant.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York (D. Allen Zachary of counsel), for respondent.



Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 7, 2016, which denied defendant Ralph Dauito's motion to dismiss the complaint as against him for lack of personal jurisdiction, unanimously affirmed, without costs.
Plaintiff alleges that defendant Dauito, a radiologist, negligently read her sonogram, leading to a delay in the diagnosis and treatment of her breast cancer. Dr. Dauito avers that, at all relevant times, he was a New Jersey resident and worked only at an office in New Jersey. However, he acknowledges that he was licensed to practice medicine in New York and that he contracted with defendant Madison Avenue Radiology, P.C., a New York corporation, to provide radiology services to some of its New York patients. Plaintiff's sonogram was performed in New York, Dr. Dauito relayed his diagnostic findings to Madison Avenue Radiology in New York, and Madison Avenue Radiology issued a report based on his findings that was allegedly relied upon by plaintiff and her doctors. Under these circumstances, New York courts may exercise jurisdiction over Dr. Dauito pursuant to CPLR 302(a)(1), notwithstanding his lack of physical presence in New York, because he transacted business with Madison Avenue Radiology and provided radiology services to patients in New York, including plaintiff, projecting himself into the State by electronically or telephonically transmitting his diagnostic findings (see Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 71 [2006], cert denied 549 US 1095 [2006]; Parke-Bernet Galleries v Franklyn, 26 NY2d 13, 16—17 [1970]).
New York courts may also exercise jurisdiction over Dr. Dauito pursuant to CPLR 302(a)(3), because, as alleged, Dr. Dauito's negligent misdiagnosis resulted in a delay in plaintiff's treatment, thereby causing injury to plaintiff in New York, and Dr. Dauito should reasonably expect his out-of-state negligent misdiagnosis in plaintiff's case to have consequences
in New York (see Pomerantz v Wolfin, 236 AD2d 379 [2d Dept 1997]; see also Ingraham v Carroll, 90 NY2d 592, 598 [1997]). Dr. Dauito does not dispute that the other requirements of CPLR 302(a)(3) are met.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK